RENDERED: MARCH 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1252-MR

JANET REYES HERNANDEZ                                        APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            FAMILY COURT DIVISION
            HONORABLE DERWIN WEBB, JUDGE
            ACTION NO. 19-CI-501697

RAUL HERNANDEZ MARCIAL                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Janet Reyes Hernandez brings this appeal from an October 10, 2022, Order of the Jefferson Circuit Court, Family Court Division, (family court) amending the November 15, 2019, Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage (Decree) to reflect that Raul Hernandez Marcial was the owner of certain real property. We affirm.

Janet and Raul were married on September 29, 2012. The parties separated in November of 2018, and Janet filed a petition for decree of dissolution of marriage on June 5, 2019. A divorce Decree was entered November 15, 2019.

On October 18, 2019, the parties appeared before the family court for a case management conference (CMC). Janet was represented by counsel, and Raul appeared *pro se*. During the CMC, the parties were able to reach a complete agreement on all issues. Counsel for Janet recited the agreement on the record before the family court. Relevant to the issue on appeal, Raul was awarded the property located at 4907 Axtell Avenue, Louisville, Kentucky. Raul would assume the debt on the 4907 Axtell Avenue, and Janet would transfer her interest by quitclaim deed to Raul. The family court approved of the agreement and instructed Janet's counsel to prepare an order reflecting same. However, when the November 15, 2019, Decree was prepared, the property located at 4907 Axtell Avenue was mistakenly awarded to Janet instead of Raul. No motion to alter, amend, or vacate was filed following entry of the Decree.[1]

On September 6, 2022, Raul filed a motion to amend the Decree. Therein, Raul asserted there was a clerical error in the Decree when entered on November 15, 2019, regarding ownership of 4907 Axtell Avenue. He sought relief

---

[1] Raul Hernandez Marcial was not aware of the mistake in the November 15, 2019, Findings of Fact, Conclusions of Law, and Decree of Dissolution of Marriage as it was mailed by the Clerk to the wrong address.

to correct the error pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. More specifically, Raul contended that the family court should have awarded him 4907 Axtell Avenue as evidenced by the video recording of the October 18, 2019, CMC, where the parties agreed on the record that Raul would retain sole ownership of the property. Thus, Raul maintained that a "clerical/typographical error" had been made when the Decree was prepared in 2019. Raul's September 6, 2022, Motion to Amend at 6. Raul further asserted that after the divorce, he continued to reside at 4907 Axtell Avenue, continued to pay the mortgage, and made improvements to the property.

A hearing was subsequently conducted on Raul's motion to amend the Decree. Thereafter, on October 10, 2022, an Order was entered reflecting that the Decree be "amended and otherwise corrected to reflect that" the real property located at 4907 Axtell Avenue was awarded to Raul and that he was the rightful owner. This appeal follows.

Janet contends that the family court improperly granted Raul relief pursuant to CR 60.02. More particularly, Janet asserts that relief pursuant to CR 60.02 is time-barred, and that CR 60.02 does not provide relief for clerical errors. We agree that CR 60.02 was not the proper rule to obtain the relief sought by Raul. Nonetheless, we do believe that the family court had the authority to correct the clerical error in the Decree pursuant to CR 60.01.

-3-

CR 60.01, styled "Clerical Mistakes," provides in relevant part, as follows:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

A clerical error or mistake is generally one that is "made by a clerk or other judicial or ministerial officer in writing or keeping records[.]" *Cardwell v. Commonwealth*, 12 S.W.3d 672, 674 (Ky. 2000). The rationale for the rule that a clerical error may be corrected *at any time* is that the judgment did not accurately reflect the rights and obligations of the parties as actually adjudicated by the Court. *See Aurora Loan Services v. Ramey*, 144 S.W.3d 295, 298-99 (Ky. App. 2004) (citations omitted) (emphasis added).

In the case *sub judice*, the family court was merely correcting a clerical error in the Decree to accurately reflect that the family court awarded 4907 Axtell Avenue to Raul. A review of the video recording of the CMC on October 18, 2019, clearly demonstrates that 4907 Axtell Avenue was awarded to Raul. Unfortunately, the Decree entered November 15, 2019, mistakenly awarded the property to Janet. This error went unnoticed by the parties, the family court, and the attorneys for over a year until sometime in late 2021 or 2022. During that time,

the parties conducted themselves in accordance with the property being awarded to Raul. We believe that the error as to ownership of 4907 Axtell Avenue in the family court's November 15, 2019, Decree constitutes a clerical error subject to correction under CR 60.01. This appears to be precisely the type of error the rule was intended to correct.

Therefore, we are of the opinion that the family court properly amended the November 15, 2019, Decree to reflect that Raul was the true and rightful owner of 4907 Axtell Avenue.

For the foregoing reasons, the Order of the Jefferson Circuit Court, Family Court Division, is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Enrique Lopez | Paul J. Mullins |
| Edgewood, Kentucky | Louisville, Kentucky |